UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ERRICK J. ARCENEAUX (#376350)

VERSUS                                            CIVIL ACTION

JAMES LEBLANC                                     NUMBER 11-80-RET-SCR

**<u>NOTICE</u>**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, March 9, 2011.

                                        _____
                                        STEPHEN C. RIEDLINGER
                                        UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ERRICK J. ARCENEAUX (#376350)

VERSUS                                              CIVIL ACTION

JAMES LEBLANC                                       NUMBER 11-80-RET-SCR

MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, an inmate confined at Dixon Correctional Institute, Jackson, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Louisiana Department of Public Safety and Corrections Secretary James LeBlanc. Plaintiff sought review of the state court's denial of an administrative grievance. Plaintiff did not seek monetary damages.

Subsection (c)(1) of 42 U.S.C. § 1997e provides as follows:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may

dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for § 1915(d) purposes. *Id.; Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal under § 1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Plaintiff alleged that in 2008, he sought judicial review in the Nineteenth Judicial District Court, East Baton Rouge Parish, Louisiana, of the denial of an Administrative Remedy Procedure in which he complained about being subjected to unconstitutional conditions of confinement. Plaintiff alleged that the state district court denied relief. Plaintiff alleged that he sought review by the First Circuit Court of Appeal and the Louisiana Supreme Court. The First Circuit Court of Appeal affirmed the district court and the Louisiana Supreme Court denied review. Plaintiff is before this court seeking review of the state court decisions.

Federal courts do "not have appellate jurisdiction to review, modify or nullify a final order of a state court," and a plaintiff may not seek to reverse a state court judgment by bringing a civil rights action. *Eitel v. Holland*, 787 F.2d 995, 997 (5th Cir. 1986)

2

(quoting *American Furniture Co. v. International Accommodations Supply*, 721 F.2d 478, 482 (5th Cir. 1981)).

Because it is clear that the plaintiff's claims have no arguable basis in fact or in law the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i).

Baton Rouge, Louisiana, March 9, 2011.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE